**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| Adrienne Law-Hudson,<br><br>Plaintiff,<br>v.<br><br>Ally Financial, Inc.,<br><br>Defendant. | Civil Action No.: ______<br><br><br><br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

For this Complaint, Plaintiff, Adrienne Law-Hudson, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Adrienne Law-Hudson ("Plaintiff"), is an adult individual residing in Snellville, Georgia, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant Ally Financial, Inc. (“Ally”), is a business entity located in Detroit, Michigan, and is a “person” as defined by 47 U.S.C. § 153(39).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

5. Within the last year, Ally began calling Plaintiff’s cellular telephone, number 678-XXX-8498, using an automatic telephone dialing system (“ATDS”) and using an artificial or prerecorded voice.

6. When Plaintiff answered calls from Ally, she heard a prerecorded message that instructed her to hold for the next available representative.

7. In or around February 2016, Plaintiff asked Ally to stop calling her cellular telephone number.

8. Nevertheless, Ally continued to place automated calls to Plaintiff’s cellular telephone number.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

9. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

10. At all times mentioned herein, Defendant called Plaintiff’s cellular telephone number using an ATDS or predictive dialer and/or using a prerecorded or artificial voice.

11. In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that 'predicts' the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

12. Defendant's telephone system(s) have some earmarks of a predictive dialer. When Plaintiff answered calls from Defendant, she heard a prerecorded message.

13. Upon information and belief, Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

14. Defendant continued to place automated calls to Plaintiff's cellular telephone number despite knowing that it lacked consent to do so. As such, each

call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

15. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges pursuant to 47 U.S.C. § 227(b)(1).

16. Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued calls.

17. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

18. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

19. Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each call made in knowing and/or willful violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and
3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 9, 2016

Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.

Attorney Bar No.: 598666
Attorney for Plaintiff Adrienne Law-Hudson
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250 ext. 5500
Facsimile: (203) 653-3424
Email: slemberg@lemberglaw.com